UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN L., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C21-5922-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1970, has an associate's degree, and has worked as a maintenance supervisor in the U.S. Army. AR 54-55, 263. Plaintiff was last gainfully employed in September 2020. AR 17.

In September 2020, Plaintiff applied for benefits, alleging disability as of October 17, 2019. AR 224-25. Plaintiff's application was denied initially and on reconsideration, and

ORDER REVERSING THE COMMISSIONER'S
DECISION - 1

Plaintiff requested a hearing.  AR 136-38, 148-56.  After the ALJ conducted a hearing in August 2021 (AR 38-85), the ALJ issued a decision finding Plaintiff not disabled.  AR 15-33.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff was employed during the adjudicated period, but this activity did not constitute substantial gainful activity.

**Step two**: Plaintiff has the following severe impairments: cervical spine degenerative disc disease, lumbar spine degenerative disc disease with radiculopathy, right shoulder degenerative joint disease/adhesive capsulitis, bilateral plantar fasciitis and calcaneal spurring, obesity, major depressive disorder, and generalized anxiety disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  Plaintiff can perform light work with additional limitations: he cannot climb ladders, ropes, or scaffolds.  He can occasionally climb ramps and stairs.  He can occasionally stoop, kneel, crouch, and crawl.  He can occasionally reach overhead with his right upper extremity.  He can perform simple, routine tasks.  He cannot have contact with the public, but can have occasional contact with co-workers.  He needs a sit/stand option, which is defined as the ability to change positions after 30-60 minutes, for 3-5 minutes, while continuing to work on his assigned task.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-33.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in finding unpersuasive the opinion of Catherine Ferguson, ARNP, and in discounting his allegations. Plaintiff also argues, in the alternative, that new evidence submitted for the first time to this Court warrants a sentence-six remand.

The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed. According to the Commissioner, Plaintiff has not shown that the newly submitted evidence could not have been submitted to the ALJ, and thus a sentence-six remand is inappropriate.

### A.   The ALJ Erred in Finding Ms. Ferguson's Opinion Unpersuasive

Ms. Ferguson examined Plaintiff in March 2021 and wrote a narrative opinion describing his physical limitations. AR 1191-97. She opined that, *inter alia*, Plaintiff was limited to occasional reaching and frequent handling, fingering, and feeling, based on his shoulder osteoarthritis. AR 1196. The ALJ found Ms. Ferguson's opinion unpersuasive as to the manipulative limitations because such limitations were "not supported by the record and appear to be largely based on the claimant's subjective self-reports, which are not consistent with the findings of mild carpal tunnel syndrome that were made based on electromyogram and nerve conduction studies[.]" AR 28. The ALJ also indicated that Ms. Ferguson's conclusions were inconsistent with her examination findings, such as full motor strength in upper and lower extremities, normal muscle bulk, normal muscle tone, normal gait, no muscle spasms or atrophy, no joint deformities, and intact sensation throughout his extremities. *Id*. As noted above, the ALJ's RFC assessment indicates that Plaintiff is limited to occasional overhead reaching with the right arm, but contains no other manipulative restrictions. *See* AR 23.

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

     Plaintiff argues that the ALJ erred in finding the manipulative limitations opined by Ms. Ferguson inconsistent with evidence related to Plaintiff's carpal tunnel syndrome because Ms. Ferguson attributed the manipulative limitations to Plaintiff's shoulder osteoarthritis, rather than carpal tunnel syndrome. Dkt. 8 at 5. The Commissioner does not defend this line of the ALJ's reasoning, but emphasizes that the ALJ also found Ms. Ferguson's manipulative limitations to be unsupported by her examination findings, which Plaintiff did not acknowledge. Dkt. 13 at 7.

     On reply, Plaintiff disputes that the ALJ intended to find the manipulative limitations unsupported by Ms. Ferguson's normal examination findings (Dkt. 14 at 2), and the Court agrees that the ALJ's wording is unclear. If the ALJ had intended to find only one portion of Ms. Ferguson's opinion to be unsupported, namely the standing/walking limitations, as Plaintiff argues, the ALJ would not have stated that "these portions" of Ms. Ferguson's opinion were unsupported by the examination findings. AR 28. But the ALJ went on to find that "they" (which seems to refer to both the manipulative and the standing/walking limitations) were unsupported by Ms. Ferguson's findings as to Plaintiff's ability to tandem walk, walk on heels/toes, hop, and bend and squat to the floor, but these findings only pertain to standing/walking limitations. AR 29. When the ALJ's assessment of Ms. Ferguson's opinion is read as a whole, therefore, it is not clear whether the ALJ intended to find that Ms. Ferguson's manipulative limitations were unsupported by her examination findings, given that the ALJ listed many examination findings that do not pertain to the ability to manipulate.

     In any event, Plaintiff goes on to argue in his reply brief that the examination findings cited by the ALJ do not pertain to the opined manipulative limitations, and notes that other parts of Ms. Ferguson's opinion do support the limitations, such as the testing that revealed Plaintiff's limited range of shoulder motion. Dkt. 14 at 3. The ALJ acknowledged Plaintiff's limited range

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

of shoulder motion (AR 28) but did not explain why this abnormal finding did not support Ms. Ferguson's conclusion regarding Plaintiff's ability to reach.  Given that there is clearly some acknowledged support for Ms. Ferguson's opinion as to the manipulative limitations, namely the limited range of shoulder motion, the ALJ erred in relying only on other normal findings, most of which do not pertain to Plaintiff's ability to reach, handle, finger, or feel.

Because the ALJ's consistency and supportability findings fail to account for the content of Ms. Ferguson's opinion, the ALJ erroneously assessed Ms. Ferguson's opinion.  This error requires remand to permit the ALJ to reconsider the consistency and supportability of Ms. Ferguson's opinion.

**B.     The ALJ Should Reconsider Plaintiff's Allegations on Remand**

The ALJ summarized Plaintiff's testimony and explained that she discounted it because (1) Plaintiff reported improvement in some of his symptoms with conservative treatment, (2) many of the objective mental findings in the record are normal, and (3) Plaintiff's activities are inconsistent with his alleged physical and mental limitations.  AR 23-27.  Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff does not contend that the ALJ erred in assessing his mental allegations or limitations.  Dkt. 8 at 6-7.  Plaintiff contends that the ALJ erred in discounting his physical allegations due to his conservative treatment and because the activities cited by the ALJ do not contradict his physical allegations.  Dkt. 8 at 7-11.

Because this case must be remanded for reconsideration of Ms. Ferguson's opinion, and because the ALJ will have the opportunity to update the record on remand and consider for the first time the additional opinions submitted to this Court regarding Plaintiff's physical

functioning, the Court declines to review the ALJ's assessment of Plaintiff's physical allegations at this time. The ALJ should reconsider Plaintiff's physical allegations, and any other part of the decision as necessary, in light of the updated record on remand.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Ms. Ferguson's opinion, Plaintiff's allegations, and any other part of the decision as necessary; update the record; provide the opportunity for a new hearing; and issue a new decision.

Dated this 13th day of July, 2022.

                                                                         S. KATE VAUGHAN
                                                                         United States Magistrate Judge